# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JIMMY D. JOHNSON | § |
| | § Civil Action No. 4:15-CV-570 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| TARGET CORPORATION | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 23, 2016, the report of the Magistrate Judge (Dkt. #57) was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss (Dkt. #23) be granted, Defendant's Motion to Dismiss for Failing to State a Claim (Dkt. #37), Motion for Summary Judgment (Dkt. #39), and Rule 8 Motion to Dismiss (Dkt. #40) each be denied as moot, and Defendant's Motion to Declare Mr. Johnson a Vexatious Litigant (Dkt. #22) be denied. Having received the report of the Magistrate Judge (Dkt. #57), having considered each of Plaintiff's timely filed objections (Dkt. #59), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #57) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff Jimmy D. Johnson ("Plaintiff") originally filed suit in the 429th Judicial District Court of Collin County, Texas, on July 26, 2012, for an alleged injury that occurred on August 25, 2010, at a Target store location. Plaintiff was working on the roof of a Target store location. When Plaintiff stepped into the roof hatch, he caught his pant leg on an obstruction, lost

his balance and fell. The case was removed to the Eastern District of Texas, and assigned Cause Number 4:13-CV-182 ("*Johnson I*"). On December 11, 2013, upon advice of counsel, Plaintiff signed a Comprehensive Settlement Agreement, Discharge and Release ("Settlement Agreement") in that case. Plaintiff, after execution of the Settlement Agreement, accepted the consideration paid by Defendant for full release of his claims and to date maintains such funds in his possession. On December 13, 2013, counsel for Plaintiff and Defendant filed an Agreed Motion to Dismiss with Prejudice. On December 19, 2013, the Court granted the Parties' Agreed Motion to Dismiss with Prejudice. Subsequent to the dismissal of *Johnson I*, on January 28, 2014, Plaintiff filed a letter with the Court requesting the case be reopened, complaining that "two pieces of evidence that wasn't heard by the advice of [his] attorney at mediation . . . could have change[d] the [whole] outlook of [his case]." On August 14, 2014, the Court denied Plaintiff's request to reopen his case after determining "the request to reopen the case is based upon the merits of the case and not a challenge to the validity or scope of the Settlement Agreement."

On August 12, 2015, Plaintiff submitted a further *pro se* letter to the Court again "asking for [his] case to be reopen [sic] due to the newly discovered evidence, and negligence from [his] attorney that [he] believe [sic] to be the lack of due diligence in [his] case." On January 29, 2016, Plaintiff filed an Amended Complaint (Dkt. #14), the live pleading in this suit, requesting "the [C]ourt to dismissed [sic] the settlement agreement due to being under the influence of pain medication cause [sic] of [his] accident the stress of being in pain, also being coerced in signing and the misrepresentation." Defendant Target Corporation ("Defendant") filed motions in response to Plaintiff's letter and Amended Complaint, including Defendant's Motion to Declare Mr. Johnson a Vexatious Litigant (Dkt. #22), Defendant's Motion to Dismiss (Dkt. #23), Defendant's Motion to Dismiss for Failing to State a Claim (Dkt. #37), Defendant's Motion for

Summary Judgment (Dkt. #39), and Defendant's Rule 8 Motion to Dismiss (Dkt. #40). The Court advised the Parties it would treat Plaintiff's letter and Amended Complaint as a Rule 60(b) motion, invited supplemental filings in response to the same, and set the matter for an evidentiary hearing. At hearing, the Court heard evidence regarding each of Plaintiff's allegations. The Magistrate Judge thereafter entered a report and recommendation, recommending Defendant's Motion to Dismiss (Dkt. #23) be granted, Defendant's Motion to Dismiss for Failing to State a Claim (Dkt. #37), Motion for Summary Judgment (Dkt. #39), and Rule 8 Motion to Dismiss (Dkt. #40) each be denied as moot, and Defendant's Motion to Declare Mr. Johnson a Vexatious Litigant (Dkt. #22) be denied. As to Defendant's Motion to Dismiss, the Magistrate Judge, after considering all relevant pleadings and a full evidentiary hearing, specifically found Plaintiff is not entitled to relief under Rule 60(b) because any request to reopen his case due to newly discovered evidence is time-barred, and Plaintiff has failed to prove he was intoxicated, incompetent, and/or under duress either at mediation or when he signed the settlement agreement. Subsequently, on January 10, 2017, Plaintiff filed a response to the Magistrate Judge's report and recommendation (Dkt. #59), which the Court treats as objections.

**PLAINTIFF'S OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff has filed a response that the Court treats as objections. Plaintiff's objections are premised on his disagreement with the Magistrate Judge's findings as to Plaintiff's "newly discovered evidence" and duress allegations, as well as a general complaint that Plaintiff unnecessarily

expended resources preparing for the evidentiary hearing and responding to Defendant's Motions, if his request is in fact time-barred.[1]

In considering Plaintiff's objections, Plaintiff has asked this Court for a second time to reopen his case and set aside a settlement agreement he signed before a notary public and while represented by counsel. Plaintiff argues again that he has newly discovered evidence, and also for the first time that he was intoxicated and/or under duress at the time of signing. Plaintiff does not challenge the Magistrate Judge's finding that Plaintiff's evidence was insufficient at hearing to prove he was intoxicated (or incompetent) at either mediation or the time of signing the settlement agreement at issue; rather, he takes issue with the findings as to his purported new evidence and alleged duress. "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). "Although a district court has inherent power to enforce an agreement to settle a case pending before it summarily, when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984). The burden of establishing at least one of the Rule 60(b) requirements is on Plaintiff as the movant, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara*

---

[1] After reviewing Plaintiff's objections, it is clear that Plaintiff does not object to the Magistrate Judge's recommendation that Defendant's Motion to Dismiss for Failing to State a Claim (Dkt. #37), Motion for Summary Judgment (Dkt. #39), and Rule 8 Motion to Dismiss (Dkt. #40) each be denied as moot, and that Defendant's Motion to Declare Mr. Johnson a Vexatious Litigant (Dkt. #22) be denied. Accordingly, the Court finds that these findings and conclusions are correct and will be adopted as the findings and conclusions of the Court. Plaintiff does assert a general complaint regarding the Magistrate Judge's finding that certain of his allegations are time-barred, alleging that, had he known of such limitations, he would not have pursued his request further. Plaintiff does not dispute that his claims are time-barred, but rather expresses a desire to have been provided this information sooner.

4

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc).

Plaintiff's new evidence—just as it did in *Johnson I*—goes to the merits of Plaintiff's underlying suit. Other than Plaintiff's emails between himself and his counsel, which Plaintiff argues support his claim that he signed under duress (examined below), each piece of "new evidence" proffered by Plaintiff at hearing is based upon the merits of the underlying case (i.e., potential witnesses, architectural drawings, statements by Targets employees) and is not a challenge to the validity or scope of the settlement agreement. Moreover, the Court agrees with the Magistrate Judge that the request to reopen comes nearly two years after the Order of Dismissal in *Johnson I*; Plaintiff's requests related to his "new evidence" cannot form a basis for relief as they are time-barred. *See* Fed. R. Civ. P. 60(c)(1) (motions seeking relief under Rule 60(b)(1) through (b)(3) must be brought within one year after the entry of the judgment or order or the date of proceeding).

As to Plaintiff's duress argument, the Magistrate Judge held a full evidentiary hearing to permit Plaintiff to present evidence regarding his allegation that he did not sign the settlement agreement voluntarily, as the issue of duress strikes at the validity and scope of the settlement agreement. Duress under the law results when a person makes an improper threat that induces a person who has no reasonable alternative to manifest assent. *See, e.g.*, RESTATEMENT (SECOND) OF CONTRACTS § 175 (AM. LAW INST. 1981); *Foley v. Lardner, LLP v. Aldar Invs., Inc.*, 491 F. Supp. 2d 595, 606 (M.D. La. 2007); *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 313 (D.D.C. 2011). The Magistrate Judge correctly found that Plaintiff's evidence reflects merely that he felt pressure to make a choice ("I believe what my attorney had said and on the CD Mr. Rogers stated that it would be a mess if I didn't sign"), but not that he was threatened or unable to exercise his

free will in deciding whether to execute the settlement agreement. Moreover, the Court agrees with the Magistrate Judge that the alleged duress does not emanate from the other party to the settlement agreement—the Defendant in the underlying action—and as such the settlement agreement should not be invalidated here. The Magistrate Judge was correct in recommending denial of the motion to reopen the case and granting Defendant's request to dismiss.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #59), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #57) as the findings and conclusions of the Court. Plaintiff's claims against Defendant Target Corporation are **DISMISSED** with prejudice.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Dkt. #23) is **GRANTED.**

It is further **ORDERED** that Defendant's Motion to Dismiss for Failing to State a Claim (Dkt. #37), Motion for Summary Judgment (Dkt. #39), and Rule 8 Motion to Dismiss (Dkt. #40) are **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's Motion to Declare Mr. Johnson a Vexatious Litigant (Dkt. #22) is **DENIED**.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**
**SIGNED this 9th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE